IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PAUL TAUESE AMA,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Civil Case No. 2:15-CV-737 TS<br>Criminal Case No. 2:11-CR-56 TS<br><br>District Judge Ted Stewart |

    This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  For the reasons discussed below, the Court will deny the Motion and dismiss this case.

### I.  BACKGROUND

    On January 29, 2011, Petitioner was charged with possession of methamphetamine with intent to distribute, possession of marijuana with intent to distribute, and felon in possession with a firearm.  On March 18, 2011, the government filed an Information and Notice of Enhanced Punishment pursuant to 18 U.S.C. § 924(e)(1) and 21 U.S.C. § 841(b).  On December 8, 2011, Petitioner pleaded guilty to felon in possession of a firearm.  On March 6, 2012, Petitioner was sentenced, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to a term of 180 months in the custody of the Bureau of Prisons.  Judgment was entered the following day.  Petitioner did not file a direct appeal.

II.  DISCUSSION

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[1]  28 U.S.C. § 2255(f) provides,

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[2]

Judgment was entered in this case on March 7, 2012.  Petitioner did not file a direct appeal.  Petitioner's conviction thus became final under § 2255(f)(1) when the time to file a direct appeal expired.[3]  Petitioner did not submit his Motion until September 2015, over three years after his conviction became final.

Relying on § 2255(f)(3), Petitioner argues that the Supreme Court's recent decision in *Johnson v. United States*,[4] recognized a new rule that should be applied retroactively.  The Tenth Circuit Court of Appeals has held that *Johnson* did announce a new rule of constitutional law,

---

[1] *See United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

[2] 28 U.S.C. § 2255(f).

[3] *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.").

[4] 135 S. Ct. 2551 (2015).

but that new rule of constitutional law has not been made retroactive to cases on collateral review.[5] Therefore, Petitioner's Motion is untimely and must be dismissed.

Even if Petitioner's Motion was timely, it would be barred by the collateral appeal waiver contained in his plea agreement. As part of his plea agreement, Petitioner waived the right to challenge his sentence "in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."[6]

The Tenth Circuit has established a three-part test based upon contract principles to interpret appeal waivers.[7] The Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[8]

First, the dispute falls within the scope of the waiver. Petitioner challenges his sentence. As set forth above, Petitioner signed a broad waiver of his right to challenge his sentence, including through a motion under § 2255.

Second, the Court finds that Petitioner knowingly and voluntarily waived his appellate rights. The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter

---

[5] *In re Gieswein*, ---F.3d---, 2015 WL 5534388, at *2–5 (10th Cir. Sept. 21, 2015).

[6] Case No. 2:11-CR-56 TS, Docket No. 60 ¶ 12(A)(2)(b).

[7] *United States v. Hahn*, 359 F.3d 1315, 1324-25 (10th Cir. 2004) (*en banc*) ("[C]ontract principles govern plea agreements.").

[8] *United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *Hahn*, 359 F.3d at 1325).

into knowingly and voluntarily."[9] In determining whether an appellate waiver is knowing and voluntary, the Court looks at: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily,"[10] and (2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy."[11] Reviewing these items, the Court finds that Petitioner's collateral appeal waiver was knowing and voluntary, and Petitioner makes no arguments to the contrary.

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[12]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[13]

Petitioner bears the burden of establishing a miscarriage of justice.[14]

Petitioner does not raise any of these factors in his Motion and there is nothing in his Motion to support such a finding. Therefore, the Court finds that enforcing the waiver would not result in a miscarriage of justice. As a result, the Court will enforce Petitioner's waiver and will dismiss his Motion.

---

[9] *Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

[10] *Id.* at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

[11] *Id.* (internal citations omitted).

[12] *Id.* at 1327 (internal citations omitted).

[13] *Porter*, 405 F.3d at 1143 (citing Hahn, 359 F.3d at 1327).

[14] *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

## III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 2:15-CV-737 TS) is DENIED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.  It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

The Clerk of Court is directed to close Case No. 2:15-CV-737 TS forthwith.

DATED this 19th day of October, 2015.

BY THE COURT:

Ted Stewart
United States District Judge