IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PAUL AMA,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Respondent. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e)<br><br>Civil Case No. 2:15-CV-737 TS<br>Criminal Case No. 2:11-CR-56 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion to Alter or Amend Judgment Pursuant to Rule 59(e). For the reasons discussed below, the Court will grant the Motion in part and deny it in part.

I.  BACKGROUND

On January 29, 2011, Petitioner was charged with possession of methamphetamine with intent to distribute, possession of marijuana with intent to distribute, and felon in possession of a firearm. On March 18, 2011, the government filed an Information and Notice of Enhanced Punishment pursuant to 18 U.S.C. § 924(e)(1) and 21 U.S.C. § 841(b). The government asserted that Petitioner was subject to enhanced penalties under the Armed Career Criminal Act ("ACCA"). On December 8, 2011, Petitioner pleaded guilty to felon in possession of a firearm. On March 6, 2012, Petitioner was sentenced, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to a term of 180 months in the custody of the Bureau of Prisons. Judgment was entered the following day and Petitioner did not file a direct appeal.

1

On October 13, 2015, Petitioner filed a pro se motion under 28 U.S.C. § 2255, arguing that his sentence was unlawful in light of *Johnson v. United States*.[1]  In *Johnson*, the United States Supreme Court invalidated the residual clause of the ACCA, finding that it was unconstitutionally vague.  This Court denied Petitioner's motion, finding that it was untimely and barred by the collateral appeal waiver in his plea agreement.  Petitioner, through counsel, now moves for reconsideration.

## II.  DISCUSSION

The Tenth Circuit Court of Appeals has provided the "steps to be followed by district courts in this circuit when they are presented with a Rule 60(b) motion in a habeas or § 2255 case."[2]  Rule 59(e) motions are subject to the same analysis.[3]  The Court must first determine whether the motion is a true Rule 59(e) motion or a second or successive petition.[4]

> If the district court concludes that the motion is a true Rule [59(e)] motion, it should rule on it as it would any other Rule [59(e)] motion.  If, however, the district court concludes that the motion is actually a second or successive petition, it should refer the matter to [the Tenth Circuit] for authorization . . . .[5]

A Rule 59(e) "motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."[6]

> Conversely, it is a "true" [59(e)] motion if it either (1) challenged only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead

---

[1] 135 S. Ct. 2551 (2015).

[2] *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).

[3] *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006).

[4] *Spitznas*, 464 F.3d at 1216.

[5] *Id.* at 1217.

[6] *Id.* at 1215.

inextricably to a merits-based attack on the disposition of a prior habeas petition.[7]

Under this analysis, the Court finds that Petitioner's Motion is a true Rule 59(e) motion, not a second or successive petition. As stated, the Court rejected Petitioner's § 2255 motion on procedural grounds and Petitioner's Motion to Alter or Amend Judgment challenges that procedural ruling. Motions that challenge a "court's ruling on procedural issues should be treated as a true [59(e)] motion rather than a successive petition."[8] The Court will therefore turn to Petitioner's arguments.

A.   TIMELINESS

Petitioner argues that the Court was incorrect in determining that *Johnson* does not apply retroactively. The government does not contest this point. The Court recognizes that the issue of *Johnson*'s retroactive application has created a circuit split and is currently before the Supreme Court.[9] Because the Court need not definitively rule on the issue of retroactivity to resolve Petitioner's claims, the Court will vacate that portion of the Court's previous ruling. By doing so, the Court expresses no opinion on *Johnson*'s retroactivity.

B.   COLLATERAL APPEAL WAIVER AND MERITS

The Court previously ruled that Petitioner's claims were barred by the collateral appeal waiver contained in his plea agreement. As stated, the Tenth Circuit has established a three-part

---

[7] *Id.* at 1215–16 (citation omitted).

[8] *Id.* at 1216 (stating that "a motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true [59(e)] motion").

[9] *Welch v. United States*, 136 S. Ct. 790 (2016).

test based upon contract principles to interpret appeal waivers.[10]  The Court is to consider "'(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.'"[11]  Petitioner argues that his claims are not within the scope of the collateral appeal waiver and that enforcing the waiver would result in a miscarriage of justice.[12]  In particular, Petitioner argues that his sentence was unlawful in light of *Johnson*.  This argument necessarily turns on the merits of Petitioner's claims.

The ACCA, 18 U.S.C. § 924(e), provides for increased penalties for a person who violates 18 U.S.C. § 922(g) and has three previous convictions for a violent felony or a serious drug offense.  The Act defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .[13]

In *Johnson*, the Supreme Court held that the last portion of the ACCA—crimes that otherwise involve conduct that presents a serious potential risk of physical injury to another—

---

[10] *United States v. Hahn*, 359 F.3d 1315, 1324–25 (10th Cir. 2004) (*en banc*).

[11] *United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *Hahn*, 359 F.3d at 1325).

[12] Petitioner also argues that the waiver may not have been knowing and voluntary, but there is no evidence to support this argument.

[13] 18 U.S.C. § 924(e)(2)(B).

4

was unconstitutionally vague.[14] However, the Court stated that "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."[15]

The government argues that even after *Johnson*, Petitioner qualifies for an enhancement under the ACCA based on three prior convictions: assault by a prisoner, attempted robbery, and assault on a federal employee or officer. These are not enumerated offenses under the ACCA. Therefore, the Court must consider whether these offenses have "as an element the use, attempted use, or threatened use of physical force against the person of another."[16]

"To determine whether a conviction qualifies under the ACCA, the court will ordinarily apply what is called the 'categorical approach,' which looks only at the elements of the statute under which the defendant was convicted."[17] "At times, however, a court may use what is termed the 'modified categorical approach' to determine whether a prior conviction is for a qualified offense under the ACCA."[18]

> This approach is warranted when a statute is divisible: that is, when it sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile. Because an offense may not qualify under the ACCA under all the alternatives (say, entry into a building but not entry into a car), the court examines certain definitive underlying documents to determine which alternative the defendant's conviction satisfied. We have not created an exhaustive list of which documents can be examined under the modified categorical approach, but the Supreme Court has stated that permissible documents include charging documents, plea agreements, transcripts

---

[14] *Johnson*, 135 S. Ct. at 2563.

[15] *Id.*

[16] 18 U.S.C. § 924(e)(2)(B)(i).

[17] *United States v. Trent*, 767 F.3d 1046, 1051–52 (10th Cir. 2014).

[18] *Id.* at 1052.

of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms.[19]

With this standard in mind, the Court considers whether Petitioner's prior convictions constitute violent felonies.

### 1. *Assault by a Prisoner*

Petitioner was convicted of assault by prisoner in violation of Utah Code Ann. § 76-5-102.5.[20] The Tenth Circuit has held that a violation of this statute is a violent felony under the ACCA.[21] The court stated that "[o]ne element of the statute under which he was convicted is 'commission of assault,' which by definition requires the use of force."[22]

Petitioner does not acknowledge *Tahguv*. Rather, Petitioner argues that this offense is not categorically a violent felony, relying on an unpublished decision from the Fifth Circuit addressing Utah's generic assault statute.[23] While neither decision is a published opinion, the Court finds *Tahguv* to be persuasive as it arises from an appeal from this Court and addresses the very statute at issue here. Based upon that case, the Court finds that Petitioner's conviction for assault by a prisoner constitutes a violent felony for purposes of the ACCA.

### 2. *Attempted Robbery*

Petitioner has a 2000 conviction for attempted robbery. At the time of his conviction, Utah's robbery statute provided:

---

[19] *Id.* (internal quotation marks omitted).

[20] At the time of his conviction, the statute provided: "Any prisoner who commits assault, intending to cause bodily injury, is guilty of a felony of the third degree."

[21] *See United States v. Tahguv*, 264 F. App'x 719, 723 (10th Cir. 2008).

[22] *Id.*

[23] *See United States v. Leal-Rax*, 594 F. App'x 844 (5th Cir. 2014).

> (1) A person commits robbery if:
> (a) person unlawfully and intentionally takes or attempts to take personal property in the possession of another from his person, or immediate presence, against his will, accomplished by means of force or fear; or
> (b) the person intentionally or knowingly uses force or fear of immediate force against another in the course of committing a theft.
> (2) An act shall be considered "in the course of committing a theft" if it occurs in an attempt to commit theft, commission of theft, or in the immediate flight after the attempt or commission.
> (3) Robbery is a felony of the second degree.[24]

Petitioner argues that this offense is not categorically a violent felony. The Court disagrees.

In *United States v. Castillo*,[25] the Tenth Circuit determined that a similar robbery statute was a crime of violence under Sentencing Guideline § 2L1.2.[26] The court examined California Penal Code § 211, which provides: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."[27] California's robbery statute, unlike Utah's statute, further defined the "fear" element as a threat of injury to either a person or to property.[28] The court found that robbery achieved through threats to a person, rather than property, is a crime of violence.[29]

---

[24] Utah Code Ann. § 76-6-301.

[25] ---F.3d---, 2015 WL 8774441 (10th Cir. Dec. 15, 2015).

[26] Though the issue before the court was "whether a prior conviction is a crime of violence within the meaning of § 2L1.2 'this circuit follows the same approach set forth by the Supreme Court for determining whether a prior conviction was for a violent felony under the Armed Career Criminal Act.'" *Id.* at *2 (quoting *United States v. Ventura-Perez*, 666 F.3d 670, 673 (10th Cir. 2012)).

[27] Cal. Penal Code § 211.

[28] *Id.* § 212.

[29] *Castillo*, 2015 WL 8774441, at *3.

Robbery achieved through threats to property, on the other hand, would constitute extortion.[30] Either way, California's robbery statute was a crime of violence. The same is true here.

The Tenth Circuit's decision is consistent with rulings from other courts involving similar statutes. In *United States v. Mitchell*,[31] the Sixth Circuit found that Tennessee's robbery statute—involving the taking of property from the person of another by violence or putting the person in fear—was a violent felony under the ACCA.[32] The Seventh Circuit has held that Indiana's robbery statute, which is similar to the Utah statue, is a crime of violence under the Sentencing Guidelines.[33]

It does not appear that Utah has explicitly limited the fear element to the fear that force will be used. However, as the Tenth Circuit stated in *Castillo*, "'[t]he commonest sort of fear in robbery, of course, is the fear, engendered by the robber's intentional threat, of immediate bodily injury or death' to the property owner, a family member, or another in the property owner's presence."[34] While Petitioner hypothesizes that Utah may apply this statute in a way that would not require the use, attempted use, or threatened use of physical force against the person of another, more is required.[35]

---

[30] *Id.* at *4.

[31] 743 F.3d 1054 (6th Cir. 2014).

[32] *Id.* at 1059–60.

[33] *United States v. Lewis*, 405 F.3d 511, 514 (7th Cir. 2005).

[34] *Castillo*, 2015 WL 8774441, at *3 (quoting 3 Wayne R. LaFave, Substantive Criminal Law § 20.3(d)(2) (2d ed.2003)); *see also* 67 Am. Jur. 2d Robbery § 31 ("The 'fear' constituting an element of robbery is the fear of present personal peril from violence offered or impending that intimidates and promotes submission to the theft of the property.").

[35] *Castillo*, 2015 WL 8774441, at *6 (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)) ("As a general rule, showing that a crime does not meet a generic definition requires more than 'application of legal imagination to a state statute's language.' Thus, a defendant

Even if the Court were to find that Utah's robbery statute is not categorically a violent felony, the Court concludes that Petitioner's conviction was appropriately used to enhance his sentence under the modified categorical approach. Petitioner argues that under Utah law, robbery may be committed by the use of either force or fear. Petitioner further argues that robbery may be committed by taking property (or attempting to take property) either from the victim's person or his immediate presence. In essence, Petitioner argues that an individual can commit robbery under Utah law in ways that constitute a violent felony and in ways that do not. Under this formulation, Utah's robbery statute is divisible and the Court may apply the modified categorical approach.[36] Using the modified categorical approach, the Court must determine which statutory phrase was the basis for Petitioner's conviction.[37]

The charging document and the list of elements contained in Petitioner's plea agreement provide no assistance in determining which portion of the robbery statute was the basis for Petitioner's conviction. Both documents merely reflect the statutory language set forth in Utah Code Ann. § 76-6-301(1)(a). The factual statement contained in Petitioner's plea agreement, on the other hand, does provide some clarification. Petitioner admitted the following: "On March 21, 2000, Paul Ama pushed Gregory Hess and took his cell phone from him." Two things are evident from this statement. First, Petitioner admitted using force, not fear. Second, Petitioner

---

must ordinarily show a 'realistic probability' that the state would apply its statute to the proposed conduct, and must do so by directing the court to 'other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.'").

[36] Petitioner argues that the statutes are not subject to the modified categorical approach, relying on decisions from the Fourth and Ninth Circuit. However, the Court is bound by the Tenth Circuit's decision in *Trent*. Under that decision, the Court finds that the modified categorical approach is properly applied to these statutes.

[37] *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013).

admitted taking property from the victim's person, rather than his immediate presence. From this, it becomes clear that the portion of the statute to which Petitioner pleaded guilty had as an element the use, attempted use, or threatened use of physical force against the person of another. Specifically, Petitioner "unlawfully and intentionally [took] . . . personal property in the possession of another from his person . . . against his will, accomplished by means of force." Based upon this, the Court finds that Petitioner's conviction for attempted robbery constitutes a violent felony under the ACCA under either the categorical approach or the modified categorical approach.

> 3. *Assault on a Federal Employee or Officer*

Petitioner was charged in 2000 with assault on a federal employee or officer in violation of 18 U.S.C. § 111. That statute states:

> (a) In general. —Whoever—
> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties;
> . . .
> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than three years, or both.
> (b) Enhanced penalty.— Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than ten years, or both.

The parties agree that assault on a federal employee or officer is not categorically a violent felony. Because the statute encompasses acts which may constitute a violent felony,[38] it

---

[38] Petitioner has not argued that assault under this statute does not have as an element the use, attempted use, or threatened use of physical force against the person of another.

is appropriate to employ the modified categorical approach to determine which portion of the statute Petitioner was charged and ultimately pleaded guilty to violating.

The caption of Indictment lists the charged offense as assault on a federal officer.[39] Though the body of the Indictment goes beyond merely alleging assault, the caption is somewhat helpful in determining which portion of the statute was at issue. The Statement by Defendant in Advance of Plea does not delineate the elements of the offense. However, the plea agreement does identify "Assault on a Federal Officer" as the offense to which Petitioner was entering a plea of guilty.[40] Importantly, the plea agreement makes no mention of the other ways the statute may be violated, specifically resisting, opposing, impeding, intimidating, or interfering. While Petitioner argues that "the parties left open the possibility that the conviction was based on impeding, intimidating, or interfering that did involve the use of force,"[41] there is no support in the plea agreement for this proposition.

Further, the factual statement contained in the plea agreement makes clear that Petitioner was charged with and pleaded guilty to assault on a federal officer. In his plea agreement, Petitioner admitted that officers responded to a fight in which he was involved. After an officer deployed OC spray, Petitioner "became combative, took the OC spray from the officer, and hit the officer in the right jaw with his left hand. The officer was knocked unconscious."[42] Based upon this, the Court finds that Petitioner's previous conviction was a violent felony for purposes of the ACCA.

---

[39] *United States v. Ama*, Case No. 2:00-CR-474, Docket No. 1.

[40] *Id.* Docket No. 46, at 1.

[41] Docket No. 13, at 15–16.

[42] *United States v. Ama*, Case No. 2:00-CR-474, Docket No. 46, at 7.

11

III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (Docket No. 4) is GRANTED IN PART AND DENIED IN PART.  The Court finds that Petitioner has three prior convictions for violent felonies under the ACCA and, thus, his sentence was proper.  Therefore, the Court will enforce Petitioner's collateral appeal waiver and dismiss his § 2255 motion.  The Court's previous ruling on *Johnson*'s retroactivity is vacated.

DATED this 24th day of February, 2016.

BY THE COURT:

Ted Stewart
United States District Judge